## No. 339
### SANBORN v. STATE
Ohio Court of Appeals, Eighth Dist.
No. 4615. March 26, 1923

This opinion has not been published except in Abstract.

**VARIANCE between indictment and proof—Defendant not discharged, but remanded for new trial.**

Vickery, P. J., Sullivan and Levine, JJ.

PER CURIAM.

Error to Cuyahoga Common Pleas
Judgment Reversed
Epitomized Opinion

Defendant was convicted of assault with intent to commit a rape, under an indictment charging him with rape with the consent of the girl, she being under the age of sixteen and he being over the age of eighteen years. No motion for a new trial was made, but a motion to discharge the prisoner took place, and it is urged that the verdict finds him guilty of an offense that he is not charged with in the indictment, and, therefore, having been found not guilty of all other offenses in the indictment, he should be discharged.

Apparently it was the error of the clerk in writing, "Assault with intent to commit a rape," instead of, "In an attempt to commit a rape," which is a separate and distinct offense in our statute, but it does not necessarily follow that the accused must be discharged. We think that the case must be reversed and be remanded to the Common Pleas for a new trial, under the authority of Fox v. State, 34 OS. 377, where the exact question, in its practical effect, was before the court.

Attorneys—Doerfler & Kornhauser, for Sanborn; E. C. Stanton, Contra.

## No. 340
### CLEVE. TRINIDAD PAVING CO. v. NEW AMSTERDAM CASUALTY CO.
Ohio Court of Appeals, Cuyahoga County
No. 4007. Nov. 20, 1922

This opinion has not been published except in Abstract.

**CONTRACTS—(1) Inconsistent findings of jury on Breach of contract by both parties—(2) Misconduct of one party which prevents others from performing is excuse for non-performance.**

VICKERY, P. J.

Epitomized Opinion

Contracts were entered into by the Pace Brothers to pave a great many streets in Lakewood and Cleveland Heights. The Casualty Company gave bonds to the cities to insure the faithful performance of the contracts. As the Pace Brothers defaulted in their contracts, the Casualty Co. took them over and entered into a contract with the Cleveland Trinidad Paving Co. whereby this company was to do the work. As our government was then at war it was difficult for the Trinidad Co. to get asphalt in sufficient quantities to prevent delay. The Pace Bros. then organized the American Paving Co. and upon the insurance that they could get asphalt the city council of East Cleveland canceled its contracts and entered into an agreement with this company to do the work at cost plus 15% profit. The Trinidad Paving Co. brought an action against the Casualty Co. to recover the balance due them on their contract based upon the propostion that the former was prevented from performing its contract through no fault of its own. The Casualty Co. filed an answer and cross-petition setting up three causes of action. The first cause of action set up that the contract was canceled through the unnecessary delay in the prosecution of the work; the second, to recover amounts of money paid to the plaintiff up on the ground that inasmuch as plaintiff had breached its contract, it could not recover anything; and the third was for $40,000 for the use of tools and equipment of the Pace Bros. A reply was then filed and upon trial the jury rendered a verdict for plaintiff for $60,000, its full cause of action, and for the defendant on the second and third causes of action and to the extent of $55,000. The plaintiff prosecuted error. The Court of Appeals held:

1. To allow the Casualty Co. to recover on its second cause of action for the Paving Co. wilfully violating the contract and to allow the Paving Co. to recover on its contract is manifestly inconsistent, and the jury erred in so doing.

2. The conduct of one party to a contract which prevents the other from performing his part is an excuse for non-performance, consequently the Trinidad Co. was excused from performing by the interference of the Casualty Co.

Judgment reversed.

Attorneys—Boyd, Cannon, Brooks & Wickham, for Cleveland Trinidad Paving Co.; Day, Day & Wilkin, for New Amsterdam Casualty Co.

## No. 341
### KIMBALL-CHILDS REALTY CO. v. McSWEENEY
Ohio Court of Appeals, Summit County
No. 601. Dec. 21, 1921

This opinion has not been published except in Abstract.

**REAL ESTATE COMMISSIONS—(1) Contract to find a purchaser implies a purchaser able to pay—(2) Where seller deals with purchaser personally, a broker is only bound to find a purchaser, regardless of his financial ability.**

WASHBURN, J.

Epitomized Opinion

The Kimball-Childs Realty Co. sued McSweeney to recover a real estate commission claimed to be due under a listing contract. The terms of sale specified in this contract was $6,000 cash and the balance of $6,000 secured by the mortgage on the property. The real estate company immediately prepared an agreement whereby McSweeney was to sell to Duckworth for the price named in the listing contract, but instead of $6,000 the contract provided for a cash payment of $40 and a payment of $5960 in five days. The agreement was signed by both the seller and purchaser. As the purchaser failed to comply, another agreement was entered into extending the time for four days for the payment of the remainder of the $6,000. As the purchaser was financially unable to go ahead with the sale the real estate company sued the seller for its commission. The jury found for defendant, and error proceedings were prosecuted to the Court of Appeals upon the ground that the court's charge was erroneous. In sustaining the lower court it was held:

1. Where the parties are strangers and there are no direct negotiations between them, the real estate broker's contract to find a purchaser implies a purchaser able to perform on the terms stipulated, and a broker is not entitled to his commission unless he can show that the purchaser was financially able to perform.

2. Where the seller deals with the purchaser directly, after having determined the purchaser's ability to perform, there is reason in saying that the broker has earned his commission, but such a situation does not exist in this case.

Attorneys—Seeck, Laermer, Stevens & Hadley, for Kimball-Childs Realty Co.; Gottwald, for McSweeney.